IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

` 08-282`

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| AMTROL HOLDINGS, INC., *et al.*[1] | : | Case No. 06-11446 (KG) |
| Reorganized Debtors. | : | (Jointly Administered) |
| | : | Related Docket No. 682 |

**DESIGNATION OF THE RECORD AND STATEMENT OF ISSUES TO BE PRESENTED PURSUANT TO (I) FEDERAL RULE OF APPELLATE PROCEDURE 6(b)(2)(B) AND (II) FEDERAL RULE OF BANKRUPTCY PROCEDURE 8006**

Amtrol Holdings, Inc., Amtrol Inc., and Amtrol International Investments Inc. (collectively, the "**Reorganized Debtors**"), by and through their undersigned counsel, hereby file this Designation of the Record on Appeal and Statement of Issues to be Presented Pursuant to (i) Federal Rule of Appellate Procedure 6(b)(2)(B) and (ii) Federal Rule of Bankruptcy Procedure 8006 (the "**Designation**"). This Designation relates to Reorganized Debtors' Notice of Appeal Pursuant to Federal Rule of Bankruptcy Procedure 8001 and 28 U.S.C. Section 158(a)(1) [Docket No.[2] 682] dated April 11, 2008.

I.   **Designation of Items To Be Included In Record On Appeal**

Reorganized Debtors hereby designate the following items to be included in the record on appeal:

| **Exhibit** | **Description** | **Docket No.** | **Date Docketed** |
|---|---|---|---|
| 1. | Order Establishing Deadlines For Filing Proofs Of Claim, Excluding Asbestos-Related Litigation Claims, And Approving Form And Manner Of Notice Thereof | 117 | 1/11/07 |

---

[1] Additional Reorganized Debtors include all of Amtrol Holdings, Inc.'s wholly-owned direct and indirect domestic subsidiaries: Amtrol Inc.; Water Soft LLC (f/k/a/ Water Soft Inc.); and Amtrol International Investments Inc.

[2] References to the Docket shall be references to the docket of the United States Bankruptcy Court for the District of Delaware, at Case No. 06-11446 (KG).

WLM 513275.1

| 2. | Claim No. 264 filed by L___ .H. E___ (filed in Amtrol Inc.) | n/a | Filed with claims agent on 3/22/07 |
|---|---|---|---|
| 3. | Claim No. 265 filed by Kenneth Elder, Sr., and Barbara Elder (filed in Amtrol Inc.) | n/a | Filed with claims agent on 3/22/07 |
| 4. | Claim No. 285 filed by A___ N___ ;E___ (filed in Amtrol International Investments Inc.) | n/a | Filed with claims agent on 3/22/07 |
| 5. | Claim No. 286 filed by Kenneth Elder, Sr., and Barbara Elder (filed in Amtrol Inc.) | n/a | Filed with claims agent on 3/22/07 |
| 6. | Claim No. 287 filed by A___ N___ E___ (filed in Amtrol International Investments Inc.) | n/a | Filed with claims agent on 3/22/07 |
| 7. | Claim No. 288 filed by L___ I. E___ (filed in Amtrol Holdings Inc.) | n/a | Filed with claims agent on 3/22/07 |
| 8. | Claim No. 289 filed by A___ ;Ni___ ;E___ (filed in Amtrol Holdings Inc.) | n/a | Filed with claims agent on 3/22/07 |
| 9. | Claim No. 290 filed by Kenneth Elder, Sr., and Barbara Elder (filed in Amtrol Holdings Inc.) | n/a | Filed with claims agent on 3/22/07 |
| 10. | Claim No. 291 filed by L___ ;H. E___ (filed in Amtrol Holdings Inc.) | n/a | Filed with claims agent on 3/22/07 |
| 11. | First Amended Disclosure Statement Relating to the First Amended Joint Plan of Reorganization for Amtrol Holdings, Inc., Amtrol Inc., Water Soft Inc. and Amtrol International Investments Inc., Proposed by The Official Committee of Unsecured Creditors and the Debtors | 317 | 4/11/07 |
| 12. | First Amended Chapter 11 Plan for Amtrol Holdings, Inc., Amtrol Inc., Water Soft Inc. and Amtrol International Investments Inc., Proposed by The Official Committee of Unsecured Creditors and the Debtors | 318 | 4/11/07 |
| 13. | Affidavit/Declaration of Service re: Solicitation Package (related documents 317 and 318) | 332 | 4/19/07 |

WLM 513275.1

| 14. | Findings of Fact, Conclusions of Law and Order Confirming First Amended Joint Chapter 11 Plan of Reorganization for Amtrol Holdings, Inc., Amtrol Inc., Water Soft Inc. and Amtrol International Investments Inc., Proposed by The Official Committee of Unsecured Creditors and the Debtors | 405 | 5/24/07 |
|---|---|---|---|
| 15. | Reorganized Debtors' Third Omnibus Objection to Claims Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 [Books and Records Claims - Substantive] | 442 | 6/25/07 |
| 16. | Declaration of Michael LeCours in Support of the Reorganized Debtors' Omnibus Objections to Claims Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 | 444 | 6/25/07 |
| 17. | Affidavit/Declaration of Service of Staci McFadden re: Claims Objections (related documents 442, 444) | 452 | 6/27/07 |
| 18. | Motion of the Elder Family for Abstention | 577 | 10/23/07 |
| 19. | Debtors' Objection to Motion of the Elder Family for Abstention | 587 | 11/19/07 |
| 20. | Memorandum of Law in Support of Reorganized Debtors' (1) Objection to Motion of the Elder Family for Abstention and (2) In Further Support of the Reorganized Debtors' Third Omnibus Objection to Claims Pursuant to 11 U.S.C. Section 502(b) and Fed. R. Bankr. P. 3007 | 588 | 11/19/07 |
| 21. | Transcript of Omnibus Hearing Before Honorable Kevin Gross United States Bankruptcy Court Judge dated November 28, 2007 | 597 | 12/4/07 |
| 22. | Memorandum of Law in Support of Abstention, in Opposition to Preemption and in Opposition to Finding that Prosecution of Claims is Enjoined | 637 | 1/16/08 |
| 23. | Debtors' Reply Memorandum of Law in Opposition to Elder Family's Memorandum of Law | 652 | 2/6/08 |
| 24. | Transcript of Omnibus Hearing Before Honorable Kevin Gross United States Bankruptcy Court Judge dated March 26, 2008 | TBD | TBD |
| 25. | Memorandum Opinion re: Reorganized Debtors' Third Omnibus Objection to Claims and the Elders' Motion for Abstention | 677 | 4/1/08 |
| 26. | ORDER Denying the Claims Objection and Denying the Abstention Motion | 678 | 4/1/08 |

WLM 513275.1

| 27. | Notice of Appeal | 682 | 4/11/08 |
| 28. | Amended and Corrected Order | 685 | 4/21/08 |

## II. Statement Of Issues To Be Presented On Appeal

1. Did the Bankruptcy Court err when it held that the Elder Family Claims are not preempted by the Hazardous Materials Transportation Act (the **"HMTA"**)?

2. Specifically, did the Bankruptcy Court err by focusing on a "use" versus "transportation" distinction under the HMTA, rather than focusing on the fact that an affirmative ruling for the Elder Family would create a new manufacturing and labeling requirement for the manufacturers of "DOT 39 cylinders," which ruling would violate the preemption provisions of the HMTA?

3. Did the Bankruptcy Court err by failing to give proper deference to the Department of Transportation's September 11, 2007 letter response to the Reorganized Debtors' application for preemption determination?

Dated: Wilmington, Delaware
April 21, 2008

Respectfully submitted,

EDWARDS ANGELL PALMER & DODGE LLP

  /s/  Mark D. Olivere
Stuart M. Brown (No. 4050)
William E. Chipman, Jr. (No. 3818)
R. Craig Martin (No. 5032)
Mark D. Olivere (No. 4291)
919 North Market Street, Suite 1500
Wilmington, Delaware 19801
(302) 777-7770
(302) 777-7263

*Counsel to the Reorganized Debtors*

WLM 513275.1